IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OPTRONIC SCIENCES LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00549-JRG |
| | § | |
| BOE TECHNOLOGY GROUP CO., LTD., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Leave to Supplement Invalidity Contentions (the "Motion") filed by Defendant BOE Technology Group Co., Ltd. ("Defendant"). (Dkt. No. 73.) Having considered the Motion, the Court finds that it should be **GRANTED**.

I.      **BACKGROUND**

Plaintiff Optronic Sciences LLC ("Plaintiff") filed suit against Defendant on November 22, 2023, alleging infringement of nine United States patents. (Dkt. No. 1.) On July 19, 2024, Plaintiff served its infringement contentions. (Dkt. No. 80 at 2.) On October 25, 2024, Defendant served its initial invalidity contentions. (Dkt. No. 73 at 3.)

As part of its initial invalidity contentions, Defendant identified potentially relevant prior art systems and products in connection with the asserted patents. (Dkt. No. 80 at 2-3; *see also* Dkt. No. 80-3.) Three of the potentially relevant prior art products Defendant identified were the NEC e616, Nokia Communicator, and the IBM X31 (collectively, the "Three New Products"). (Dkt. No. 80 at 2-3.) Defendant did not chart the Three New Products in its initial invalidity contentions. Additionally, Defendant identified the Galaxy S4 Android Smartphone ("S4") and the Kodak EasyShare LS633 ("EasyShare") as potentially relevant prior art products. (*See generally* Dkt.

80 at 2-4.) Defendant charted the S4 and EasyShare products in its initial invalidity contentions.

## II.    LEGAL STANDARD

Amendment or supplementation of invalidity contentions, other than expressly permitted in P.R. 3-6(a), may be made only by order of the Court upon the movant showing good cause. *See* P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 1366 (Fed. Cir. 2006). This Court applies a four-factor test to determine whether good cause has been shown: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Revolaze LLC v. J.C. Penney Corp., Inc.*, No. 2:19-cv-00043-JRG, 2020 WL 2220158, at *2 (E.D. Tex. May 6, 2020). The burden of proving good cause rests with the party seeking the amendment. *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014).

## III.    DISCUSSION

Defendant moves to supplement its initial invalidity contentions for three of the nine asserted patents to add three new prior art products: the NEC e616, Nokia Communicator, and the IBM X31. Defendant also moves to supplement its initial invalidity contentions to supplement its evidence supporting previously disclosed invalidity theories for the S4 and EasyShare products (collectively, the "Supplemental Evidence").

### A.    Three New Products

#### 1.    Delay and Diligence

Defendant argues that it diligently searched for prior art and reverse engineered potential prior art systems. (Dkt. No. 73 at 6-8.) Defendant asserts that before and after serving its invalidity contentions, it searched for prior art. (*Id.* at 6-7.) Defendant contends that during its search, it

2

reverse-engineered various systems. (*Id.*) Defendant argues that its delay in charting the Three New Products "is excusable given the significant difficulty associated with identifying and reverse engineering products that have not been sold on the market for at least 20 years." (*Id.* at 7.)

Plaintiff responds that Defendant cannot establish diligence because it had sufficient time—over six months—to craft its initial invalidity contentions. (Dkt. No. 80 at 5-7.) Plaintiff argues that Defendant knew of the Three New Products before serving its initial invalidity contentions. (*Id.* at 5-6.) Plaintiff asserts that the Three New Products were readily available to purchase, and Defendant could have accomplished its reverse engineering efforts in less than two weeks, not months. (*Id.*) Plaintiff also argues that Defendant fails to establish its diligence by failing to provide evidence beyond attorney argument, such as a declaration.[1] (Dkt. No. 80 at 6.)

The Court finds that, based on these facts, Defendant has demonstrated its diligence and its delay was reasonable. Defendant identified the Three New Products in its initial invalidity contentions on October 25, 2024. (Dkt. No. 80 at 2-1.) Thus, Plaintiff was on notice of the Three New Products as early as October 25, 2024. After serving its initial invalidity contentions, Defendant obtained physical samples of the Three New Products—which have not been sold on the market for at least twenty years—and reverse-engineered them to investigate the internal structures of the display panels. Although the parties disagree regarding how easy it was to obtain the Three New Products and how long it should take to reverse engineer the Three New Products, the Court finds that Defendant's delay was reasonable and Defendant was reasonably diligent in its efforts to move for leave to supplement.[2] *See Lionra Techs. Ltd. v. Fortinet, Inc.*, 2024 WL

---

[1] Plaintiff filed an expert declaration to support its assertions and rebut Defendant's diligence arguments. (Dkt. No. 80-11.)

[2] While the absence of a detailed timeline of Defendant's efforts to locate, obtain, and reverse engineer the Three New Products is not dispositive, better practice would have been to provide such. An expert declaration is not required, but a defendant should set forth its promptness in locating and obtaining the additional information.

406514, *2 (E.D. Tex. Feb. 2, 2024) ("The development of fulsome contentions as to system references necessarily requires more fact discovery than those based on patents or other printed publications, and thus will take more discovery and time to develop.").

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### 2.    Importance

Defendant argues that the Three New Products are important because they "constitute prior art that could invalidate all of the asserted claims associated with the '842 Patent and '914 Patent." (Dkt. No. 73 at 8.)

Plaintiff responds that Defendant failed to show that its proposed supplements are important. (Dkt. No. 80 at 9-10.) Plaintiff argues that Defendant's proposed supplements to include the Three New Products are not important but merely cumulative of Defendant's other invalidity references. (*Id.* at 10.)

The Court finds that Defendant has not met its burden to show that the proposed supplements to add the Three New Products are sufficiently important. Defendant seemed to acknowledge the importance of the Three New Products in its initial invalidity contentions by disclosing them. Defendant then expended significant efforts to locate, obtain, and reverse engineer the Three New Products to supplement its initial invalidity contentions to add specific charts for them. However, Plaintiff is correct that conclusory statements regarding importance, on their own, are not enough. Defendant included two conclusory statements that the Three New Products are important. (*See* Dkt. No. 73 at 8.) The Court finds that Defendant must present more than mere conclusory statements that the supplements "are too important to be excluded" and the references "constitute prior art that could invalidate all of the asserted claims."

Accordingly, the Court finds that this factor weighs against granting leave.

### 3.     Prejudice

Defendant argues that because this case is in its early stages and Defendant provided Plaintiff its supplemental invalidity contentions before the initiation of claim construction disclosures, Plaintiff will not suffer any unfair prejudice. (Dkt. No. 73 at 8-9.) Defendant also asserts that the Three New Products only apply to two of the nine asserted patents. (*Id.* at 9.)

Plaintiff responds that allowing Defendant's proposed supplements will prejudice Plaintiff because it "has already expended significant litigation resources relying on [Defendant's] original Invalidity Contentions, and it developed its claim construction positions based on [Defendant's] original contentions." (Dkt. No. 80 at 11.)

The Court finds that Plaintiff will suffer little, if any, prejudice if the Court grants Defendant leave to add the Three New Products. Plaintiff admits that Defendant identified the Three New Products in its initial invalidity contentions. (Dkt. No. 80 at 2-3.) Plaintiff's prejudice argument focuses on the alleged prejudice Plaintiff's claim construction will suffer and the resources it has expended in relying on Defendant's initial invalidity contentions. However, Plaintiff does not allege any specific claim construction arguments that Defendant's proposed supplements would affect. *Alt. v. Medtronic, Inc.*, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006). Further, this case is in its early stages and claim construction exchanges began *after* Defendant served its proposed supplemental invalidity contentions. The *Markman* hearing in this case is not scheduled to occur until July 23, 2025, and expert discovery ends on September 22, 2025. Any prejudice Plaintiff would suffer is alleviated by the fact that Plaintiff had notice of Defendant's proposed supplemental invalidity contentions before any claim construction exchanges.

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### 4.     Continuance

Defendant argues that no continuance is necessary because it provided Plaintiff its proposed supplemental invalidity contentions before claim construction proceedings and with months remaining in fact discovery. (Dkt. No. 73 at 10.)

Plaintiff responds that if the Court grants the Motion, a continuance is "likely necessary to allow [Plaintiff] to fully analyze [Defendant's] new allegations and serve any discovery necessary to defend against these new contentions." (Dkt. No. 80 at 13-14.)

For the same reasons discussed in connection with the prejudice factor, the Court finds sufficient time in the case schedule to allow for Defendant's proposed supplements. (*Supra* Section III.A.3.)

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### 5.     Defendant Established Good Cause for the Three New Products

The Court finds that three factors weigh in favor of granting Defendant's request for leave to include the Three New Products, and one factor weighs against granting Defendant leave. Based on balancing the factors, the Court finds that Defendant has shown good cause concerning the Three New Products.

### B.     Supplemental Evidence

### 1.     Delay and Diligence

Defendant argues that it diligently supplemented its charts for the S4 and EasyShare products. (Dkt. No. 73 at 7.) Defendant asserts that "obtaining evidence relevant to showing the existence of some claim elements was time consuming, requiring multiple attempts to cross-section the products at critical locations and analyze the results (including Electron Energy Loss Spectroscopy) to confirm material compositions as a function of depth." (*Id.*)

Plaintiff responds that Defendant cannot establish diligence because it had sufficient time—over six months—to craft its initial invalidity contentions. (Dkt. No. 80 at 5-7.) Plaintiff argues that Defendant knew of and reverse-engineered the S4 and EasyShare products before serving its initial invalidity contentions. (*Id.* at 5-7.) Plaintiff argues that "whatever additional work was necessary could have been completed in a matter of days after service of the Invalidity Contentions," not months. (*Id.* at 7-8.)

The Court finds that, based on these facts, Defendant has demonstrated its diligence and its delay was reasonable. Defendant identified and charted the S4 and EasyShare products in its initial invalidity contentions on October 25, 2024. Thus, Plaintiff was on notice of the S4 and EasyShare products and Defendant's invalidity theories as early as October 25, 2024. As part of its ongoing discovery efforts, Defendant continued investigating and obtaining additional images of the S4 and EasyShare products. Defendant's delay is reasonable under the circumstances since Defendant's proposed supplements do not add additional, undisclosed references, but merely add supplemental evidence to support references Defendant already disclosed and charted. Further, "[t]he development of fulsome contentions as to system references necessarily requires more fact discovery than those based on patents or other printed publications, and thus will take more discovery and time to develop." *See Lionra Techs.*, 2024 WL 406514, *2.

Accordingly, the Court finds that this factor weighs in favor of granting leave.

## 2.    Importance

Defendant argues that the Supplemental Evidence is important because the S4 and EasyShare products are anticipatory prior art references for three of the asserted patents that could invalidate the asserted claims. (Dkt. No. 73 at 8.)

Plaintiff responds that Defendant failed to show that its proposed supplements are important. (Dkt. No. 80 at 9-10.) Plaintiff argues that Defendant's proposed supplements to include

the Supplemental Evidence are not important, and Defendant should have included this information in its initial invalidity contentions. (*Id.* at 10.)

The Court finds that Defendant has met its burden to show that the proposed supplements to add the Supplemental Evidence are sufficiently important. The Court agrees with Defendant that the ability of the new information to clarify and explain the references Defendant disclosed and charted in its initial invalidity contentions renders it sufficiently important.[3]

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### 3.    Prejudice

Defendant argues that because this case is in its early stages and because Defendant charted the S4 and EasyShare products in its initial invalidity contentions, Plaintiff was on notice of these products and invalidity theories and will not suffer undue prejudice. (Dkt. No. 73 at 8-10.)

Plaintiff responds that allowing Defendant's proposed supplements will prejudice Plaintiff because it "has already expended significant litigation resources relying on [Defendant's] original Invalidity Contentions, and it developed its claim construction positions based on [Defendant's] original contentions." (Dkt. No. 80 at 11.)

As with the Three New Products, the Court finds that Plaintiff will suffer little, if any, prejudice if the Court grants Defendant leave to add the Supplemental Evidence. Plaintiff admits that Defendant identified the S4 and EasyShare products in its initial invalidity contentions. (Dkt. No. 80 at 2-3.) Plaintiff's prejudice argument focuses on the alleged prejudice Plaintiff's claim construction will suffer and the resources it has expended in relying on Defendant's initial

---

[3] Defendant also argued that the proposed supplements are important because the Supplemental Evidence "is the type of evidence that normally is presented for the first time in expert reports." (Dkt. No. 73 at 8.) The Court does not find this argument persuasive and disagrees with Defendant's position. Local Patent Rules 3-3 and 3-4 exist to provide a plaintiff with notice of the invalidity theories a defendant will advance in the case. If Defendant has evidence to support its invalidity theory, Defendant should include that evidence in its invalidity contentions.

invalidity contentions. However, Plaintiff does not allege any specific claim construction arguments that Defendant's proposed supplements would affect. *Alt.*, 2006 WL 278868, at *2. Further, this case is in its early stages and claim construction exchanges began *after* Defendant served its proposed supplemental invalidity contentions. The *Markman* hearing in this case is not scheduled to occur until July 23, 2025, and expert discovery ends on September 22, 2025. Any prejudice Plaintiff would suffer is alleviated by the fact that Plaintiff had notice of Defendant's proposed supplemental invalidity contentions before any claim construction exchanges.

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### 4.    Continuance

Defendant argues that no continuance is necessary because it provided Plaintiff its proposed supplemental invalidity contentions prior to claim construction proceedings and with months remaining in fact discovery. (Dkt. No. 73 at 10.)

Plaintiff responds that if the Court grants the Motion, a continuance is "likely necessary to allow [Plaintiff] to fully analyze [Defendant's] new allegations and serve any discovery necessary to defend against these new contentions." (Dkt. No. 80 at 13-14.)

For the same reasons discussed in connection with the prejudice factor, the Court finds sufficient time in the case schedule to allow for Defendant's proposed supplements. (*Supra* Section III.B.3.)

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### 5.    Defendant Established Good Cause for the Supplemental Evidence

The Court finds that all four factors weigh in favor of granting Defendant's request for leave to include the Supplemental Evidence. Therefore, the Court finds that Defendant has shown good cause with respect to the Supplemental Evidence.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion (Dkt. No. 73) should be and hereby is **GRANTED**. It is **ORDERED** that Defendant has leave to serve its supplemental invalidity contentions.

**So ORDERED and SIGNED this 27th day of May, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE